Caruthers, J.,
delivered the opinion of the Court.
This was an agreed ease between Greer, as collector of the taxes in Davidson county, and Mrs. Brown, a tax payer. The facts agreed are, that Mrs. Brown is “ a resident citizen of Davidson, having her domicil at Nashville that she is the owner of a plantation in Maury county, near Springhill, upon which she has a large number of slaves, permanently employed, which are subject to taxation by the revenue laws of the State. She has upon the place a family residence, furnished, at which she frequently spends a few days or weeks at a time, with her family. The assessor for Davidson required that she should give in these slaves for taxation in Davidson county, which she did under protest. She is also required to pay taxes upon the sajne slaves in the county of Maury. And the question is, under these facts, whether the taxes should be paid in Maury or Davidson.
There is nothing in, sections 28 and 29 of the 2d art. of the Constitution, that affects the question, as is insisted in argument. Those sections place no limitations or restrictions upon the power of the Legislature, except that all property shall be taxed according to its value, and “ that the same shall be equal and uniform throughout the State.” The authority given to the Legislature to delegate the taxing power to counties and towns, in the 29th section, for county and town purposes, is general, and unconfined, except that they shall tax according to value.
It may not be amiss to make a single remark here, as to the duty of assessors, in view of this provision in the Constitution, and the acts of Assembly under it. The Constitution and statutes, to which the assesssors are sworn to conform, (Code 559,) require that “ property should be taxed according to its value.” '(Code 564, 565.) In this case, from the description of slaves, it is clear that they are not assessed *697 at much more than half their cash value. This is a great abuse, and ought to be reformed. All property ought to be assessed at its fair value, and that can only be determined by the ordinary selling and buying prices for cash, at the time. To place it any lower than this standard is a palpable dereliction of duty on the part of those whose duty it is made by law to value it, and it is difficult to see how the district or town assessors can reconcile their practice in this respect to their duty, enforced by a solemn oath. Code, 559. The fault is not that of the tax payer, but of the tax assessor ; as it is not the duty of the former, but the latter, to fix the value of property.
But the question in this case, and it is one of general interest, is as to the county in which slaves shall be given in for taxes. This is of no consequence as to the State revenue, but is important as to county taxes. We have seen that it is entirely a legislative question. It must then depend upon the statute on that subject. It is to be found in the Code, sec. 568, sub-division 3; “ Slaves shall be assessed to the owner in the county where he resides, whether in his possession or not, and tohether in the same county or not. If hired out in another, they shall be assessed to the hirer for the amount of the hire, and if the owner lives in another State, then they shall be assessed to the hirer at their value.”
The argument against the propriety and policy of this provision, as to slaves employed by the owner in another county permanently, is conclusive. The owner certainly ought to pay taxes for them in the county where they are located and protected. But such is not the statute. We cannot make legislation conform to our views of what it should be, where there is no ambiguity. It ought to be changed, and unquestionably would be, if brought to the notice of the Legislature. The clause in relation to slaves hired out of the county of the owner, is entirely unintelligible to us, and ought also to be explained by the Legislature. But we need not now perplex ourselves with an attempt to construe it, as this is not a case of hiring.
*698 Our conclusion is, with the court below, upon the agreed case, that Mrs. Brown is bound to pay the taxes upon the. value of her slaves employed on her farm in Maury county, to the collector of taxes in the county of Davidson. It follows, of course, that she cannot, also, be required to pay for them in the county of Maury.
So the judgment will be affirmed.